# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

MONNIKA McCAULEY,        )
                                      )
             Plaintiff,        )
                                      )
v.                              )    Case No. 06-0365-CV-W-FJG
                                      )
HIGHLAND NURSING and      )
REHABILITATION CENTER, L.L.C., et al.,   )
                                      )
            Defendants.      )

## ORDER

Currently pending before the Court is Plaintiff's Motion to Compel Arbitration and to Stay Proceedings (Doc. # 14).

Plaintiff was employed by defendant South Park Partners, L.P. at its long-term nursing and care facility at 904 East 68th Street, Kansas City, Missouri. After she was hired, plaintiff signed a written Arbitration agreement with the Care Facility on August 31, 2005. The Arbitration agreement stated in part, "the Facility and employee (also known as the "Parties") hereby agree to voluntarily promise and irrevocably agree (after completing the facilities Problem Resolution Procedure) to arbitrate any dispute or claim arising from or related to (i) employment . . . The Parties further agree that arbitration pursuant to this Agreement shall be the final, sole and exclusive remedy for resolving any such claims or disputes and that a judgement (*sic*) on the award shall be entered, upon application within one year of the award, by a party, to the county court wherein the facility is located having appropriate jurisdiction."

Plaintiff alleges that she was sexually harassed at work and was retaliated against after she complained. Plaintiff alleges that she used the "Problem Resolution"

program to address her concerns, but that this process failed.  Thereafter, she filed a

charge of discrimination with the EEOC.  On October 10, 2005, plaintiff sent a formal

demand for arbitration to the defendants' Vice President of Human Resources.  Under

Section 711 of the Arbitration Agreement, defendants have the right to elect between

either the "Judicial Arbitration and Mediation Service, Inc. (J.A.M.S.) or the American

Arbitration Association (A.A.A.) to resolve the dispute.  Plaintiff states that the

defendants ignored her demand and failed to respond.  On February 6, 2006, the EEOC

issued plaintiff a Right to Sue letter.  On May 2, 2006, plaintiff filed her Complaint

pursuant to Title VII in order to preserve her right to pursue her employment claims

against the defendants in light of their failure to acknowledge her arbitration demand.

Plaintiff has now filed the instant Motion to Compel Arbitration.

　　　　Defendant South Park Partners, L.P. opposes plaintiff's Motion to Compel on

two grounds: 1) Failure to Meet Condition Precedent and 2) Commencing a Civil Action

Instead of Initiating Arbitration. South Park argues that the Arbitration Agreement

contains specific provisions defining when the right to arbitration arises and may be

exercised.  South Park argues that plaintiff did not utilize the Problem Resolution

procedure set up by Section 710 of the Handbook.  Additionally, South Park argues that

 plaintiff is in default or has waived her right to seek arbitration because she initiated this

civil action instead of proceeding with arbitration.

　　　　Plaintiff states in response that these are both procedural questions which should

be addressed by the arbitrator.  The Court agrees.  In Pro Tech Industries, Inc. v. URS

Corp., 377 F.3d 868 (8th Cir. 2004), the Court stated:

2

> [T]he presumption is that the arbitrator should decide allegation[s] of waiver, delay, or a like defense to arbitrability. . . . Indeed, in the absence of an agreement to the contrary, issues of substantive arbitrability . . . are for a court to decide and issues of procedural arbitrability, i.e. whether prerequisites such as *time limits,* notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide.

Id. at 871-72 (internal citations and quotations omitted).  Similarly, in International Ass'n. of Bridge, Structural, Ornamental, and Reinforcing Ironworkers, Shopman's Local 493 v. EFCO Corp. And Const. Products, Inc., 359 F.3d 954 (8th Cir. 2004), the Court noted, "procedural questions which grow out of the dispute and bear on its final disposition are presumptively *not* for the judge, but for an arbitrator, to decide. . . . Procedural arbitrability issues, as these questions are termed, include allegation[s] of waiver, delay, or a like defense to arbitrability."  Id. at 956 (internal citations and quotations omitted). Thus, the Court finds South Park's arguments against arbitration unavailing.  The issues of whether plaintiff complied with the conditions precedent and whether she was in default by filing the instant Complaint are procedural issues which the arbitrator can address.  Accordingly, the Court hereby **GRANTS** the Motion to Compel Arbitration against Defendant South Park Partners, L.P.

The other four defendants, Highland Nursing and Rehabilitation Center, L.L.C., Tutera Group, Inc., Investment Properties and Management, Inc. and Tutera Health Care Services L.L.C. filed a separate opposition to plaintiff's Motion to Compel.  These four defendants state that they never employed the plaintiff and that there is no agreement to arbitrate between the plaintiff and these separate defendants.  In response, plaintiff states that these defendants should be compelled to engage in arbitration because they were her joint employer and or single employer within the

3

meaning of Title VII.  Plaintiff states that South Park Partners is an individual nursing

home which is owned, operated and controlled by the remaining defendants in this

case.  Plaintiff states that these defendants have the same officers, the same place of

business, the same board of directors and have common financial control.  Plaintiff

alleges that according to an official filing with the Missouri Secretary of State's office,

defendant South Park, L.P. is owned by a general partnership and the sole general

owner is the Tutera Group, Inc.  Plaintiff states that all of the corporate defendants have

the same principal place of business and the exact same board of directors.  Plaintiff

contends that all of the defendants to this action were her employer and that they

operated as a single employer and or joint employer within the meaning of the law.  As

a result, she argues that they are all governed by the written arbitration agreement she

signed.

In CD Partners LLC v. Grizzle, 424 F.3d 795, 799 (8th Cir. 2005), the Court

stated, "a willing signatory seeking to arbitrate with a *non*-signatory that is unwilling

must establish at least one of the five theories described in [Thomson-CSF, S.A. v.

American Arbitration Ass'n., 64 F.3d 773, 776 (2d Cir. 1995)]."  In Thomson, the Court

stated:

> This Court has recognized a number of theories under which
> nonsignatories may be bound to the arbitration agreements of others.
> Those theories arise out of common law principles of contract and agency
> law.  Accordingly, we have recognized five theories for binding
> nonsignatories to arbitration agreements: 1) incorporation by reference; 2)
> assumption; 3) agency; 4) veil-piercing/alter-ego; and 5) estoppel.

Id. at 776.

Plaintiff's counsel in the Reply Suggestions, attached the Affidavit of Brad

Kavanaugh, counsel of record for plaintiff. Mr. Kavanaugh states that plaintiff is requesting that the Court compel arbitration in order to allow plaintiff to conduct discovery on the status of her "employer" withing the meaning of Title VII. Mr. Kavanaugh states that plaintiff has obtained copies of various public records which support the allegations of joint employer and/or single entity employer. However, Mr. Kavanaugh states that plaintiff needs to take the corporate representative depositions of the above defendants, as well as the deposition of Ron Cork and the deposition of Joseph C. Tutera, among others, as well as conduct document discovery in order to authenticate all of the documents attached to the affidavit as well as provide further evidentiary support for the joint employer and/or single employer status of the defendants. The Court finds that additional discovery would be helpful before ruling on whether these defendants can be compelled to submit to arbitration. Accordingly, the Court hereby **ORDERS** the parties to submit to the Court on or before **December 1, 2006**, a limited discovery schedule which will further develop these issues. After the parties have completed this limited discovery the Court will rule on plaintiff's Motion to Compel Arbitration as to Highland Nursing and Rehabilitation Center, L.L.C., Tutera Group, Inc. Investment Properties and Management, Inc. and Tutera Health Care Services, L.L.C.

Therefore, the Court hereby **GRANTS IN PART** Plaintiff's Motion to Compel Arbitration (Doc. # 14).

Date: November 27, 2006　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　United States District Judge